Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ  08540-6227

**troutman pepper**

troutman.com

**Angelo A. Stio III**
D 609.951.4125
angelo.stio@troutman.com

April 3, 2024

**VIA Email (Chambers_of_Judge_Harvey_Bartle@paed.uscourts.gov) and ECF**

The Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
  Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Atlas Data Privacy Corp., et al v. AtData, LLC, et al.*
        Civil Action No. 2:24-cv-4447

        **Application for an Extension of Time on AtData, LLC's Responsive Pleading Deadline**

Dear Judge Bartle:

This firm represents Defendant AtData, LLC ("AtData").  We write to respectfully request a thirty-day extension of time to answer, move or otherwise plead in response to the Complaint that was filed in the above-referenced matter.  If the extension is granted, AtData's new deadline to respond to the Complaint would be **May 22, 2024**.

As a preliminary matter, I previously reached out to Plaintiffs' counsel about the requested thirty-day extension to seek their consent to the relief now being sought.  I sought to procure that consent because, prior to removing this matter from state court, Plaintiffs' counsel originally consented to a thirty-day extension of time in state court.  However, Plaintiffs' counsel did not agree to execute the Stipulations of Extension before or after the matter was removed to federal court.

On April 2, 2024, I conferred with Plaintiffs' counsel about the extension of time. Plaintiffs' counsel would not consent to any extension without an agreement from AtData to waive certain defenses.  I advised Plaintiffs' counsel that AtData would not relinquish defenses, and would make an application for an extension of time directly to the Court.

AtData's original deadline to answer, move, or otherwise respond to the Complaint was April 8, 2024.  It subsequently filed a Local Rule 6.1 Clerk's Extension, to allow time to consult with Plaintiffs' counsel.  If granted, the Clerk's Extension will move the deadline to April 22, 2024.

The Honorable Harvey Bartle III, U.S.D.J.
April 3, 2024
Page 2



AtData now seeks an additional thirty-day extension. AtData believes the extension should be granted because it needs additional time to investigate the claims asserted and research the novel legal issues presented by Plaintiff Atlas Data Corporation's ("Atlas") involvement in this case. Specifically, this case is one of approximately 200 cases that Atlas and various individuals filed alleging violations of New Jersey's Daniel's Law, N.J.S.A. 56:8-166.1. Atlas alleges it obtained assignments from more than 19,000 unidentified individuals, "including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors" who allegedly qualify as "Covered Persons" under Daniel's Law. Atlas also contends the email requests for non-disclosure were sent by "Covered Persons" from an automated "@AtlasMail.com" email platform. AtData needs the time to investigate the emails that were allegedly sent, whether the emails were sent by a "Covered Person," whether the emails contained information to verify the sender is actually a "Covered Person," whether the emails contained duplicates, and whether the emails were sent on behalf of fictitious individuals in an attempt to disable AtData's email system. The extension will also allow AtData to research (i) the validity of the email notices; (ii) the validity of the assignments Atlas alleges it received from the more than 19,000 unidentified individuals referenced in the Complaint; and (iii) the legal defenses that apply to the highly unusual fact pattern presented in this case.

In light of the foregoing, good cause exists for the Court to grant AtData's application and to extend the deadline to answer, move, or otherwise plead in response to the Complaint from April 22, 2024 to May 22, 2024. This extension of time to respond will not impact any deadlines or cause any prejudice . The parties have neither conducted a Rule 26(f) conference nor participated in a Rule 16 conference. This request is made in good faith and not for dilatory purpose.

Thank you for the Court's consideration of this request.

Respectfully submitted,


/s/ Angelo A. Stio, III
Angelo A. Stio, III

cc:   Ronald I. Raether, Jr., Esq.
      Mark Mao, Esq.
      Rajiv Parikh, Esq.
      John Yanchunis, Esq.

The Honorable Harvey Bartle III, U.S.D.J.
April 3, 2024
Page 3



SO ORDERED:

_____
Honorable Harvey Bartle III, U.S.D.J.